1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Darryl Steward, Jr. | Case No.:  3:17-CV-426-JHM |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, | **JURY TRIAL DEMAND** |
| Equifax Information Services, LLC a Georgia company, Trans Union, LLC, a Delaware limited liability company, Navient Solutions, LLC, a Foreign limited liability company, and Sallie Mae, Inc., dba Navient Solutions, LLC, a Foreign company, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, DARRYL STEWARD, JR., BY AND

THROUGH COUNSEL, Jacqueline Heyman, and for his Complaint against the

Defendants, pleads as follows:

## **JURISDICTION**

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 *et. seq* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Louisville, Jefferson County, Kentucky.

4. Venue is proper in the Western District of Kentucky.

## PARTIES

5. Plaintiff, Darryl Steward, Jr., is an individual residing in Louisville, in Jefferson County, Kentucky.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Franklin County, Kentucky;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Franklin County, Kentucky;

   c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Franklin County, Kentucky;

   d. Navient Solutions, LLC ("Navient"), which is a foreign limited liability company that maintains a registered agent in Franklin County, Kentucky; and

2

e.  Sallie Mae, Inc. dba Navient Solutions, LLC ("Sallie Mae"), which is a foreign company that maintains a registered agent in Franklin County, Kentucky.

## GENERAL ALLEGATIONS

7.  In 2007, Mr. Steward, Jr. enrolled in college at ITT Technical Institute.

8.  Mr. Steward, Jr. obtained student loans while he attended ITT Technical Institute.

9.  In the fall of 2009, he graduated from ITT Technical Institute.

10. Mr. Steward, Jr. enrolled at the University of Phoenix in early 2010 within the six month grace period for the repayment of his student loans. Since he enrolled in school within the six month grace period, Mr. Steward was not required to make payments on the student loans.

11. Between the years of March 2010 through June 2014, Mr. Steward, Jr. attended the University of Phoenix.

12. In June 2014, Mr. Steward, Jr. graduated from the University of Phoenix. Once his student loan grace period concluded in November, he consolidated and refinanced his loans with Navient.

13. On or about December 14, 2015, Mr. Steward, Jr. received a letter from Navient which stated that his student loan was in good standing and not in default.

14. On or about February 22, 2017, Mr. Steward, Jr. obtained his credit files and noticed that the following trade lines ("Errant Trade Lines") that are related to his student loans were reported with false late payments:

   a. Dept of Ed/Navient, Account Number: 93606066981E00**;
   b. Dept of Ed/Navient, Account Number: 93606066981E00**;
   c. Dept of Ed/Navient, Account Number: 93606066981E00**;
   d. Dept of Ed/Navient, Account Number: 93606066981E00**;
   e. Dept of Ed/Navient, Account Number: 93606066981E00**;
   f. Dept of Ed/Navient, Account Number: 93606066981E00**;
   g. Navient, Account Number: 93606066981000****;
   h. Navient, Account Number: 93606066981000****;
   i. Sallie Mae, Account Number: 93606066981000****; and
   j. Sallie Mae, Account Number: 93606066981000****.

15. On or about March 24, 2017, Mr. Steward, Jr. sent a letter to Experian, Equifax and Trans Union ("CRAs") disputing the Errant Trade Lines. In these dispute letters, he explained that he was enrolled during the six month grace period and requested that the late payments be removed from the Department of Education Errant Trade Lines and that the "Charge Off" status and late payments be removed from Sallie Mae Errant Trade Lines.

16. Upon information and belief, the CRAs forwarded Mr. Steward, Jr.'s consumer disputes to Sallie Mae and Navient.

17. On or about April 21, 2017, Mr. Steward, Jr. received Experian's investigation results which showed that Sallie Mae and Navient retained the errant late payments on the Errant Trade Lines and Sallie Mae retained the "Charge Off" status.

18. On or about April 24, 2017, Mr. Steward, Jr., received Trans Union's investigation results which showed that Sallie Mae and Navient retained the errant late payments on the Errant Trade Lines.

19. On or about May 4, 2017, Mr. Steward, Jr. obtained his Equifax credit file. This revealed that Sallie Mae and Navient retained the errant late payments on the Errant Trade Lines and Sallie Mae retained the "Charge Off" language. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff have been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## <u>COUNT I</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by the CRAs of Mr. Steward's consumer dispute of the incorrect late payments of the Errant Trade Lines, Navient negligently failed to

conduct a proper investigation of Mr. Steward's dispute as required by 15 USC § 1681s-2(b).

22. Navient negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC §1681s-2(b).  Specifically, it failed to direct the CRAs to correct the erroneous late payments of the Errant Trade Lines.

23. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Steward's consumer credit file with the CRAs to which it is reporting such trade lines.

24. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Mr. Steward has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Navient is liable to Mr. Steward by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC §1681o.

26. Mr. Steward has a private right of action to assert claims against Navient arising under 15 USC §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navient for damages, costs, interest and attorneys' fees.

## **COUNT II**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by the CRAs that Mr. Steward disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Mr. Steward's dispute.

29. Navient willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC §1681s-2(b).

30. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Mr. Steward has suffered damages, mental anguish, suffering, humiliation and embarrassment.

31. Navient is liable to Mr. Steward for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

**COUNT III**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SALLIE MAE

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by the CRAs of Mr. Steward's consumer dispute of the incorrect late payments and charge off status of the Errant Trade Lines, Sallie Mae negligently failed to conduct a proper investigation of Mr. Steward's dispute as required by 15 USC §1681s-2(b).

34. Sallie Mae negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 §USC 1681s-2(b). Specifically, it failed to direct the CRAs to correct the erroneous late payments and charge off status of the Errant Trade Lines.

35. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Steward's consumer credit file with the CRAs to which it is reporting such trade lines.

36. As a direct and proximate cause of Sallie Mae's negligent failure to perform its duties under the FCRA, Mr. Steward has suffered damages, mental anguish, suffering, humiliation and embarrassment.

37. Sallie Mae is liable to Mr. Steward by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC §1681o.

38. Mr. Steward has a private right of action to assert claims against Sallie Mae arising under 15 USC §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Sallie Mae for damages, costs, interest and attorneys' fees.

## <u>COUNT IV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SALLIE MAE

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by the CRAs that Mr. Steward disputed the accuracy of the information it was providing, Sallie Mae willfully failed to conduct a proper reinvestigation of Mr. Steward's dispute.

41. Sallie Mae willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC §1681s-2(b).

42. As a direct and proximate cause of Sallie Mae's willful failure to perform its duties under the FCRA, Mr. Steward has suffered damages, mental anguish, suffering, humiliation and embarrassment.

43. Sallie Mae is liable to Mr. Steward for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Sallie Mae for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

46. Such reports contained information about Mr. Steward that was false, misleading, and inaccurate.

47. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

48. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

49. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Experian is liable to Mr. Steward by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC §1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

53. Such reports contained information about Mr. Steward that was false, misleading, and inaccurate.

54. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

55. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

56. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Experian is liable to Mr. Steward by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

58. Plaintiff realleges the above paragraphs as if recited verbatim

59. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

60. Such reports contained information about Mr. Steward that was false, misleading and inaccurate.

12

61. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

62. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

63. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

64. Equifax is liable to Mr. Steward by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC §1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## <u>COUNT VIII</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

13

67. Such reports contained information about Mr. Steward that was false, misleading and inaccurate.

68. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

69. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

70. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

71. Equifax is liable to Mr. Steward by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

14

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

72. Plaintiff realleges the above paragraphs as if recited verbatim.

73. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

74. Such reports contained information about Mr. Steward that was false, misleading and inaccurate.

75. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

76. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

77. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

78. Trans Union is liable to Mr. Steward by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC §1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

79. Plaintiff realleges the above paragraphs as if recited verbatim.

80. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Steward as that term is defined in 15 USC §1681a.

81. Such reports contained information about Mr. Steward that was false, misleading and inaccurate.

82. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Steward, in violation of 15 USC §1681e(b).

83. After receiving Mr. Steward's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 USC §1681i.

84. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Steward has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

85. Trans Union is liable to Mr. Steward by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 13, 2017

By: _  /s/ Jacqueline K. Heyman_
Jacqueline K. Heyman
236 Eastin Road
Lexington, KY 40504
(859) 940-4201
Attorney for Plaintiff,
Darryl Steward, Jr.